**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN KITA, a single man, | No. 11-35392 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-00160-JCC |
| v. | |
| CITY OF SEATTLE, a municipal corporation, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| K.V. OSHIKAWA-CLAY, a police officer | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted April 12, 2012
Seattle, Washington

Before: D.W. NELSON, TASHIMA, and CALLAHAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Kevin Oshikawa-Clay ("Clay") interlocutorily appeals the district court's order denying his motion for summary judgment based on qualified immunity from John Kita's claim of excessive force pursuant to 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** A reasonable fact-finder could conclude, taking the facts and inferences therefrom in the light most favorable to Kita, that Clay's use of force was objectively unreasonable and therefore constitutionally excessive. *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989). Preliminarily, such a fact-finder could find that Clay's delivery of a blow to the back of Kita's head, followed by additional strikes and maneuvers, together constituted a more significant use of force than pain compliance techniques. *See Forrester v. City of San Diego*, 25 F.3d 804, 807–808 (9th Cir. 1994); *cf. Davis v. City of Las Vegas*, 478 F.3d 1048, 1055 (9th Cir. 2007).

Meanwhile, a rational fact-finder could conclude that the government's countervailing interests provide little basis, if any, for this quantum of force. First, a fact-finder reasonably could find that Kita's alleged offense – pulling his girlfriend and falling together to the ground – was modest. *Cf. Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005). Second, viewing the facts in Kita's favor, "[t]here is no indication in the record that after [Kita] removed his hand[]

-2-

from his pocket[] there was any reason to believe that he possessed any weapon or posed any immediate threat to the safety of the officers or others." *Id.* at 702. Third, despite Clay's assertion that Kita was resisting, at this stage we must accept Kita's opposite claim.

Finally, a reasonable fact-finder could find that the mere presence of a domestic dispute does not militate in Clay's favor, because Clay arrived at the scene after the domestic dispute was over, the couple was already separated, and Kita was not, we must assume, acting in a threatening manner. *See Mattos v. Agarano*, 661 F.3d 433, 450 (9th Cir. 2011) (en banc). In sum, weighing the force used against the governmental interests at stake, a rational jury could conclude that Clay's use of force was unreasonable.

**2.** Kita's right to be free from such force was clearly established at the time of Clay's conduct. *Blankenhorn*, 485 F.3d at 481. Because a rational fact-finder could conclude that Clay violated Kita's clearly established constitutional rights, the district court did not err in denying qualified immunity.

**3.** In light of our holding, we need not address Kita's state law claims and municipal liability claims.

For the above reasons, the order of the district court is

**AFFIRMED**.

Kita v. City of Seattle, No. 11-35392

CALLAHAN, Circuit Judge, concurring:

I concur. I agree that a rational fact-finder could conclude that Officer Clay's use of force was unreasonable. However, I think the majority's dicta, which characterizes Officer Clay's actions, is inappropriate. In my view, the disposition unnecessarily suggests the resolution of several contested issues of fact. Mem. Dispo. at 2–3. As the majority notes, we view the facts and inferences in the light most favorable to Kita at this stage of the litigation. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). Here, viewing the video footage and the totality of the circumstances before the district court when it denied qualified immunity, Officer Clay has not demonstrated that he is entitled to qualified immunity as a matter of law. We should not go beyond this determination because this panel is not the ultimate fact-finder and cannot know what further evidence may be presented at trial. Anything beyond this determination should not be treated as binding on the parties or law of the case. Accordingly, while I vote to affirm the judgment, I take exception to the dicta in the memorandum disposition that goes beyond this scope to suggest that Officer Clay in fact used excessive force against Kita.

1